UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMMERSON PHIRI,

                              *Plaintiff,*

     *-against-*

ANDERSON CENTER FOR AUTISM, PATRICK D. PAUL, in his individual and official capacity, JOHN DOE1 through 10, and ABC CO. 1 through 10,

                              *Defendants.*

**ANSWER**

**Civ #7:25-CV-05814-JGLC**

Defendant Anderson Center for Autism ("Defendant Anderson") and Defendant Patrick D. Paul, ("Defendant Paul") (collectively referred to as "Defendants"), through their attorneys Barclay Damon LLP, Margaret M. Surowka, of counsel, as and for their answer to the plaintiff's July 15, 2025 Complaint and Demand for Jury Trial, (hereinafter " Complaint") states as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations of paragraph numbered "1" of the Complaint and refer all questions of law to the court for determination.

2. Defendants deny knowledge or information sufficient to form a belief as to the paragraph numbered "2" of the Complaint.

3. Defendants deny the allegations of paragraph numbered "3" of the Complaint.

4. Defendants deny the allegations of paragraph numbered "4" of the Complaint.

5. Defendants deny the allegations of paragraph numbered "5" of the Complaint and refer all questions of law to the court for determination.

6. Defendants deny the allegations of paragraph numbered "6" of the Complaint and refer all questions of law to the court for determination.

7. Defendants deny the allegations of paragraph numbered "7" of the Complaint and refer all questions of law to the court for determination.

## JURISDICTION AND VENUE

8. As to the allegations contained in paragraph numbered "8" of the Complaint, Defendants refer all questions of law to the court for determination.

9. As to the allegations contained in paragraph numbered "9" of the Complaint, Defendants refer all questions of law to the court for determination.

## PARTIES

10. Defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph numbered "10" of the Complaint except admit that Plaintiff is an adult black male.

11. Defendants admit the allegations as contained in paragraph numbered "11" of the Complaint and refer all questions of law to the court for determination.

12. Defendants admit the allegations contained in paragraph numbered "12" of the Complaint.

13. Defendants admit the allegations contained in paragraph numbered "13" of the Complaint.

14. Defendants deny the allegations contained in paragraph numbered "14" of the Complaint except admit that Defendant Anderson receives grants and is subject to state oversight.

15. Defendants deny the allegations contained in paragraph numbered "15" of the Complaint except admit that Anderson operates a school program certified through the New York State Education Department.

16. Defendants deny the allegations contained in paragraph numbered "16" of the Complaint except admit that Anderson operates a school program certified through Chapter 853 through the State Education Department.

17. Defendants deny the allegations contained in paragraph numbered "17" of the Complaint except admit that it is subject to state oversight by the New York State Office for People with Developmental Disabilities ("OPWDD").

18. Defendants admit the allegations as contained in paragraph numbered "18" of the Complaint.

19. Defendants deny the allegations as contained in paragraph numbered "19" of the Complaint except admit that it receives Medicaid reimbursement for residential services.

20. Defendants admit the allegations as contained in paragraph numbered "20" of the Complaint.

21. Defendants deny the allegations as contained in paragraph numbered "21) of the Complaint except admit that it receive public funding.

22. Defendants admit Defendant Anderson was awarded a $125,000.00 State and Municipal (SAM) funding grant.

23. Defendants admit Defendant Anderson received a $3,000,000.00 capital funding commitment from New York State to help rebuild a historic carriage house and address a workforce shortage.

24. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "24" of the Complaint and refer to the cited news article.

25. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "25" of the Complaint and refer to the cited news article.

26. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "26" of the Complaint and refer to the cited news article.

27. Defendants deny the allegations as contained in paragraph numbered "27" of the Complaint and refer to the cited news article.

28. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "28" of the Complaint and refer to the cited news article.

29. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "29" of the Complaint and refer to the cited news article.

30. Defendants admit the allegations contained in paragraph numbered "30" of the Complaint.

31. Defendants admit the allegations contained in paragraph numbered "31" of the Complaint.

32. Defendants admit the allegations contained in paragraph numbered "32" of the Complaint.

33. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "33" of the Complaint.

34. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "34" of the Complaint and refer questions of law to the Court for their determination.

35. Defendants deny knowledge and information sufficient to forma a belief as to the allegations contained in paragraph numbered "35" of the Complaint and refer questions of law to the Court for their determination.

32338727.1

36. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "36" of the Complaint and refer questions of law to the Court for their determination.

## FACTS COMMON TO ALL CLAIMS

37. Defendants deny the allegations contained in paragraph numbered "37" of the Complaint except admit that Anderson selected Plaintiff as an international fellow for a training program to begin on October 10, 2023.

38. Defendants deny the allegations contained in paragraph numbered "38" of the Complaint except admit that Nadine Thompson was the residence Manager at Plaintiff's training site.

39. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "39" of the Complaint.

40. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "40" of the Complaint.

41. Defendants deny the allegations contained in paragraph numbered "41" of the Complaint.

42. Defendants deny the allegations contained in paragraph numbered "42" of the Complaint.

43. Defendants deny the allegations contained in paragraph numbered "43" of the Complaint.

44. Defendants deny the allegations contained in paragraph numbered "44" of the Complaint.

45. Defendants deny the allegations contained in paragraph numbered "45" of the Complaint.

46. Defendants deny the allegations contained in paragraph numbered "46" of the Complaint.

47. Defendants deny the allegations contained in paragraph numbered "47" of the Complaint.

48. Defendants deny the allegations contained in paragraph numbered "48" of the Complaint.

49. Defendants deny the allegations contained in paragraph numbered "49" of the Complaint.

50. Defendants deny the allegations contained in paragraph numbered "50" of the Complaint.

51. Defendants deny the allegations contained in paragraph numbered "51" of the Complaint.

52. Defendants deny the allegations contained in paragraph numbered "52" of the Complaint.

53. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph numbered "53" of the Complaint except admit the police to an incident on May 20, 2024.

54. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "54" of the Complaint.

55. Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in the paragraph numbered "55" of the Complaint.

56. Defendants deny the allegations contained in paragraph numbered "56" of the Complaint.

57. Defendants deny the allegations contained in paragraph numbered "57" of the Complaint.

58. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "58" of the Complaint.

59. Defendants deny knowledge and information sufficient to form a belief as to the paragraph numbered "59" of the Complaint.

60. Defendants deny the allegations contained in paragraph numbered "60" of the Complaint, except admits that the Plaintiff was placed on leave.

61. Defendants deny the allegations contained in paragraph numbered "61" of the Complaint.

62. Defendants deny knowledge or information sufficient to form a belief as to the allegations of said paragraph "62" of the Complaint.

63. Defendants deny knowledge or information sufficient to form a belief as to the allegations of said paragraph "63" of the Complaint.

64. Defendants deny knowledge or information sufficient to form a belief as to the allegations of said paragraph "64" of the Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the allegations of said paragraph "65" of the Complaint.

66. Defendants deny knowledge or information sufficient to form a belief as to the allegations of said paragraph "66" of the Complaint.

32338727.1

67. Defendants deny knowledge or information sufficient to form a belief as to the allegations of said paragraph "67" of the Complaint.

68. Defendants deny the allegations contained in paragraph numbered "68" of the Complaint except admit that the Plaintiff's participation in the training program was ended on August 14, 2024.

69. Defendants deny the allegations contained in paragraph numbered "69" of the Complaint.

70. Defendants deny the allegations contained in paragraph numbered "70" of the Complaint.

## COUNT 1
### RETALIATION IN VIOLATION OF NEW YORK LABOR LAW §740
(Against All Defendants)

71. Defendants repeat and reallege each and every one of the foregoing responses as if fully set forth herein

72. In response to the allegation of paragraph numbered "72" Defendants refer questions of law to the Court for their determination.

73. Defendants deny the allegations of said paragraph "73" of the Complaint.

74. As to the allegations contained in paragraph numbered "74" of the Complaint, Defendants admit that Anderson had one or more persons in its employ.

75. Defendants deny the allegations contained in paragraph numbered "75" of the Complaint.

76. Defendants deny the allegations contained in paragraph numbered "76" of the Complaint.

77. Defendants deny the allegations contained in paragraph numbered "78" of the Complaint.

78. Defendants deny the allegations contained in paragraph numbered "79" of the Complaint.

79. Defendants deny the allegations contained in paragraph numbered "80" of the Complaint.

80. Defendants deny the allegations contained in paragraph numbered "81" of the Complaint.

## COUNT II
**RETALIATION IN VIOLATION OF NEW YORK HUMAN RIGHTS LAW (NYSHRL)**
**(Against All Defendants)**

81. Defendants repeat and reallege each and every one of the foregoing responses as if fully set forth herein

82. In response to the allegations contained in paragraph "83" Defendants refer all questions of law to the Court for their determination.

83. Defendants deny the allegations contained in paragraph numbered "84" of the Complaint.

84. Defendants deny the allegations contained in paragraph numbered "85" of the Complaint.

85. Defendants deny the allegations contained in paragraph numbered "86" of the Complaint.

86. Defendants deny the allegations contained in paragraph numbered "87" of the Complaint and refer all questions of law to the Court for their determination.

32338727.1

87. Defendants deny the allegations contained in paragraph numbered "88" of the Complaint.

88. Defendants deny the allegations contained in paragraph numbered "89" of the Complaint.

89. Defendants deny the allegations contained in paragraph numbered "90" of the Complaint.

90. Defendants deny the allegations contained in paragraph numbered "91" of the Complaint.

91. Defendants deny the allegations contained in paragraph numbered "92" of the Complaint.

92. Defendants deny the allegations contained in paragraph numbered "93" of the Complaint.

93. Defendants deny the allegations contained in paragraph numbered "94" of the Complaint.

## COUNT III
### DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. §1981
**(Against All Defendants)**

94. Defendants repeat and reallege each and every one of the foregoing responses as if fully set forth herein.

95. Defendants deny the allegations contained in paragraph numbered "96" of the Complaint.

96. Defendants deny the allegations contained in paragraph numbered "97" of the Complaint.

97. Defendants deny the allegations contained in paragraph numbered "98" of the Complaint.

98. Defendants deny the allegations contained in paragraph numbered "99" of the Complaint.

## COUNT IV
## VIOLATION OF 42 U.S.C. §1983
## (AGAINST ANDERSON)

99. Defendants repeat and reallege each and every one of the foregoing responses as if fully set forth herein.

100. Defendants deny the allegations contained in paragraph numbered "101" of the Complaint.

101. Defendants deny the allegations contained in paragraph numbered "102" of the Complaint.

102. Defendants deny the allegations contained in paragraph numbered "103" of the Complaint, but refer all questions of law to the Court for their determination.

103. Defendants deny the allegations contained in paragraph numbered "104" of the Complaint, but refer all questions of law to the Court for their determination.

104. Defendants deny the allegations contained in paragraph numbered "105" of the Complaint.

105. Defendants deny the allegations contained in paragraph numbered "106" of the Complaint.

106. Defendants deny the allegations contained in paragraph numbered "107" of the Complaint.

107. Defendants deny the allegations contained in paragraph numbered "108" of the Complaint.

108. Defendants deny the allegations contained in paragraph numbered "109" of the Complaint.

## JURY DEMAND

109. Defendants join in the demand for a trial by jury on all issues so triable.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

110. Defendants are not state actors in any way.

111. Plaintiff was not an employee of Defendant Anderson.

112. Plaintiff was not eligible for employment with Defendant Anderson at any time.

113. Plaintiff's training program was scheduled to end on October 1, 2024.

114. Plaintiff was a Mandated Reporter by virtue of his position as a trainee with Anderson.

115. Plaintiff was trained in his obligations as a Mandated Reporter.

116. Plaintiff failed to report any required incident to Anderson and/or the proper authorities.

117. Plaintiff failed to properly intervene as required in any alleged abuse as he was required.

118. Plaintiff was disciplined for multiple acts of misconduct and poor performance.

119. Plaintiff was placed on administrative leave on August 7, 2024.

120. Defendant Anderson presented to American Immigration Council ("AIC") information relating to Plaintiff's participation in the training program including performance issues and misconduct.

121. AIC made the decision to terminate Plaintiff's participation from the training program.

122. The Complaint fails to state any cause of action as against the answering Defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

123. Plaintiff's training program would have ended October 1, 2024 but for his misconduct.

124. Granting Plaintiff's demand in the Complaint would result in Plaintiff receiving money that he is not entitled to, and would unjustly enrich Plaintiff.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

125. Whatever damages and injuries, if any, which were sustained by the Plaintiff, was proximately caused by superseding and/or intervening causes and not by any action or omission of the Defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

126. Plaintiff failed to mitigate or otherwise act to lessen or reduce the injury and damage, if any, allegedly resulting from the occurrence complained of in the complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

127. Any award of punitive damages claimed by Plaintiff would violate the Fifth, Eighth, and Fourteenth Amendments, and the Contracts Clause, of the Constitution of the United States and the Constitution of the State of New York upon the following separate grounds:

    A. An award of punitive damages would violate the Defendants' right to due process.

    B.    An award of punitive damages would violate the Defendants' right to equal protection of the laws.

    C.    An award of punitive damages would violate the guarantee that excessive fines shall not be imposed.

    D.    An award of punitive damages would violate the prohibition against impairing the obligation of contracts.

    E.    The procedures relating to the imposition of such damages improperly fail to provide objective standards limiting the award of, and amount of, punitive damages.

    F.    The procedures relating to the imposition of such damages improperly allow the admission of evidence relevant to punitive damages, in the same proceeding during which liability and compensatory damages are determined.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

128.    Upon information and belief, some or all of Plaintiff's damages will be replaced or indemnified, in whole or in part, from collateral sources, and Defendants are, therefore, entitled to a collateral source offset under CPLR Section 4545.

**WHEREFORE,** answering Defendants demand judgment dismissing the Complaint of the Plaintiff herein, with costs, and further demands judgment pursuant to CPLR 3019(b) and CPLR Article 14 that the ultimate rights of the answering Defendants be determined for indemnification and/or contribution, in whole or in part, for the amount of any sum which may be recovered herein

against the answering Defendants, together with attorneys' fees and the costs and disbursements of this action.

DATED:  September 22, 2025                     **BARCLAY DAMON LLP**

By:_____
   Margaret M. Surowka
   *Attorneys for Defendants,*
   Anderson Center for Autism and
   Patrick D. Paul
   80 State Street
   Albany, New York 12207
   Telephone: (518) 429-4295
   Email: msurowka@barclaydamon.com

**TO:** **The Law Offices of Thomas H. Andrykovitz, P.C.**
   Thomas H. Andrykovitz, Esq.
   260 Madison Avenue, 15th Floor
   New York, New York  10016
   thomas@thomashenrylaw.com